UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANNY JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-0064** |
| **TIM WILKINSON, WARDEN** | **SECTION "C"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   Factual Background

The petitioner, Danny Jackson ("Jackson"), is an inmate incarcerated in the Winn Correctional Center in Winnfield, Louisiana.[2] On August 13, 2004, Jackson and a co-defendant, Yarnall McFarland, were charged by bill of information in Jefferson Parish with one count of

---

[1] Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

possession with intent to distribute marijuana and one count of possession with intent to distribute cocaine. Jackson was charged in a third count as a felon in possession of a weapon.[3]

The record reflects that Chad Bridges, an informant, informed police officers that he had bought cocaine in the past from Jackson and McFarland, at their residence on Park Manor Drive in Metairie.[4] The officers arranged a drug buy with Bridges. They gave him money and told him to purchase cocaine from Jackson. Bridges called Jackson, went over to his residence, and purchased cocaine from him for approximately $60.00.

Sergeant Robert Gerdes of the Jefferson Parish Sheriff's Office prepared and executed a search warrant at 6500 Park Manor Drive. During that search, Sergeant Gerdes recovered approximately 600 grams of marijuana from inside a FUBU jacket inside the closet in the master bedroom, and some miscellaneous paperwork addressed to Jackson and McFarland at that address. Sergeant Gerdes also took photographs of evidence found inside the residence including the marijuana located inside the FUBU jacket, other packages of marijuana, a package of purple bags often used to package drugs, invoices, four firearms, a large amount of ammunition, a cell phone, a safe, the contents of which included packaging material, marijuana, and cocaine, currency, and two digital scales.

In the course of the search, Sergeant Gerdes advised Jackson of his rights. Afterwards, Jackson told the sergeant that there were only three ounces of marijuana inside the residence for his personal use. Jackson also admitted to Sergeant Gerdes that he knew the weapons were inside the

---

[3]St. Rec. Vol. 1 of 4, Bill of Information, 8/13/04.

[4]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal after direct appeal. *State v. Jackson*, 926 So.2d 72, 74-76 (La. App. 5th Cir. 2006); St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 05-KA-923, pp. 2-7, 3/28/06.

residence, but that he was holding them for someone else. When Sergeant Gerdes asked Jackson who owned those weapons, Jackson refused to answer.

Detective Danny Jewel, who was also involved in the search, recovered a loaded .38 pistol from a basket at the bottom of a bedside table next to the bed. He also recovered a fully loaded Taurus .22 pistol from Jackson's residence. Two other firearms were also recovered from Jackson's residence.

On January 25, 2005, Jackson was tried before a jury on counts one and two, and he was found guilty as charged on both counts.[5] The Trial Court sentenced Jackson on January 28, 2005, to serve concurrent sentences of 20 years on each count.[6] At the same hearing, the State dismissed the third count, felon in possession, and filed a multiple offender bill against Jackson.[7] The Trial Court later denied as untimely Jackson's motion to reconsider the sentences.[8]

On February 2, 2005, McFarland entered pleas of guilty to counts one and two.[9] The Trial Court sentenced her to serve five years on count one, with two and one-half years suspended, and two and one-half years on count two, with the first two years to be served without benefit of parole, probation, or suspension of sentence.[10]

---

[5] St. Rec. Vol. 1 of 4, Trial Minutes, 1/25/05; Jury Verdict (count one), 1/25/05; Jury Verdict (count two), 1/25/05; St. Rec. Vol. 3 of 4, Trial Transcript, 1/25/05.

[6] St. Rec. Vol. 1 of 4, Sentencing Minutes, 1/28/05; St. Rec. Vol. 3 of 4, Sentencing Transcript, 1/28/05.

[7] *Id.*; St. Rec. Vol. 1 of 4, Multiple Bill, 1/28/05.

[8] St. Rec. Vol. 1 of 4, Motion to Reconsider Sentence, dated 2/2/05; Trial Court Order, 3/14/05.

[9] St. Rec. Vol. 1 of 4, Plea Minutes (McFarland), 2/2/05; Plea of Guilty and Waiver of Rights (McFarland), 2/2/05.

[10] *Id.*

At a hearing held on March 31, 2005, the Trial Court adjudicated Jackson to be a multiple offender and sentenced him as such to serve 35 years at hard labor on count two to run concurrently with his other sentence.[11]

On direct appeal, Jackson's appointed counsel raised two assignments of error:[12] (1) the Trial Court erred in denying the motion in limine to exclude testimony from the confidential informant regarding Jackson's prior other criminal activity; and (2) the original sentences imposed were excessive. On March 28, 2006, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentences finding the first ground to be without merit and the second to be moot in light of the multiple offender proceedings.[13] The Court refused Jackson's request for rehearing on May 3, 2006.[14]

On January 8, 2007, the Louisiana Supreme Court denied Jackson's related writ application without stated reasons.[15] Jackson's conviction became final 90 days later, on Monday, April 9, 2007, when he did not file a writ of certiorari with the United States Supreme Court.[16] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States

---

[11]St. Rec. Vol. 1 of 4, Multiple Bill Hearing Minutes, 3/31/05.

[12]St. Rec. Vol. 3 of 4, Appeal Brief, 2005-KA-0923, 12/12/05. Jackson sought leave to file a pro se supplemental brief, but he did not timely do so. St. Rec. Vol. 3 of 4, Motion for Leave to File, 1/30/06; 5th Cir. Order, 05-KA-923, 2/6/06; St. Rec. Vol. 4 of 4, Letter from Clerk of 5th Cir., 4/13/06.

[13]*State v. Jackson*, 926 So.2d at 72; St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 2005-KA-0923, 3/28/06.

[14]St. Rec. Vol. 3 of 4, 5th Cir. Notice, 5/3/06; Application for Rehearing, 2005-KA-923, 4/17/06 (dated 4/10/06).

[15]*State v. Jackson*, 948 So.2d at 121 (La. 2007); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2006-KO-1589, 1/8/07; La. S. Ct. Writ Application, 06-KO-1589, 6/21/06 (dated 5/18/06); St. Rec. Vol. 1 of 4, La. S. Ct. Letter, 2006-KO-1589, 6/21/06 (showing postal meter of 5/24/06).

[16]The actual date fell on Sunday, April 8, 2007, and therefor fell to the following business day, Monday, April 9, 2007.

Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

## II.     State Post-Conviction Proceedings

Almost one year later, on April 3, 2008, Jackson submitted to the Trial Court an application for post-conviction relief in which he raised three grounds for relief:[17] (1) the trial was unfair and prejudicial where the State knowingly used improper testimony from the confidential informant; (2) he received ineffective assistance of counsel where counsel failed to investigate and discover the improper testimony the State would use at trial; and (3) the sentence under the multiple offender adjudication was excessive. The Trial Court denied the application on April 21, 2008, finding the first claim to be barred under La. Code Crim. P. art. 930.4(A) as repetitive of the claim addressed on direct appeal.[18] The Court found that Jackson failed to meet his burden of proof on the ineffective assistance of counsel claim, and the third claim was barred from post-conviction review by La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).

The Louisiana Fifth Circuit denied Jackson's related writ application on July 28, 2008, finding no error in the Trial Court's order.[19] The Court also noted that to the extent Jackson alleged that he was faced with false testimony, that claim was also without merit.

On May 29, 2009, the Louisiana Supreme Court also denied his subsequent writ application without stated reasons.[20]

---

[17] St. Rec. Vol. 1 of 4, Uniform Application for Post-Conviction Relief, 4/8/08 (dated 4/3/08).

[18] St. Rec. Vol. 1 of 4, Trial Court Order, 4/21/08.

[19] St. Rec. Vol. 1 of 4, 5th Cir. Order, 08-KH-516, 7/28/08.

[20] *State ex rel. Jackson v. State*, 9 So.3d 158 (La. 2009); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2008-KH-2128, 5/29/09; La. S. Ct. Writ Application, 08-KH-2128, 8/28/08 (dated 8/20/08); St. Rec. Vol. 1 of 4, La. S. Ct. Letter, 20078-KH-2128, 8/28/08 (showing postal meter 8/20/08).

### III. <u>Federal Petition</u>

On January 13, 2010, the clerk of this Court filed Jackson's petition for federal habeas corpus relief, in which he raised the following grounds for relief:[21] (1) the trial was fundamentally unfair and prejudiced in that the State knowingly presented perjured testimony at trial and such error was compounded by counsel's failure to conduct a diligent and insidious investigation; (2) he was faced with erroneous testimony from a confidential informant that was never tested as to credibility and that was compounded by testimony from a detective acknowledging that the informant had never worked before; and (3) the Trial Judge erred in imposing an excessive sentence.

In his brief in support of the petition, he also argues the following:[22] (1) that the state courts erred in failing to compel the State to file a response to his post-conviction application; (2) the State untimely filed an answer to his petition without an order directing it to respond; and (3) the Trial Court committed reversible error when it denied the application with a hearing.

The State filed a response in opposition to Jackson's petition alleging that the petition was not timely filed, that some of the arguments were not exhausted, and one of the claims was in procedural default.[23]

### IV. <u>General Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[24] applies to this petition, which is deemed filed in this Court under the federal

---

[21] Rec. Doc. No. 1.

[22] Rec. Doc. No. 1, p. 18.

[23] Rec. Doc. No. 9.

[24] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify

mailbox rule on December 28, 2009.[25]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

In this case, the State alleges that Jackson's petition is not timely filed, some of his claims are not exhausted, and one claim is in procedural default.  Having reviewed the record, the Court agrees with the State's conclusion that the petition is untimely filed which defense is dispositive of the petition for the following reasons.

---

an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Jackson's petition on January 13, 2010, when pauper status was granted. Jackson's signature on the petition is dated December 28, 2009. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing.

## V.      **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[26] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As discussed above, Jackson's conviction is deemed final on April 9, 2007, which was 90 days after the Louisiana Supreme Court denied his writ application following direct appeal.

Under the plain language of § 2244, Jackson had until April 9, 2008, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Jackson's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such

---

[26] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 122 (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for documents and transcript copies are not other collateral review for purposes of the tolling calculation. *Osborne v.*

*Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In this case, the AEDPA's one-year filing period began to run on April 10, 2007, the day after Jackson's conviction is deemed final. The period ran uninterrupted for 359 days, until April 3, 2008, when Jackson submitted his application for post-conviction relief to the state trial court. The post-conviction application remained pending in the state courts until May 29, 2009, when the Louisiana Supreme Court denied the related writ application.

The one-year filing period began to run again on May 30, 2009, and it did so for the remaining six days, until June 4, 2009, when it expired. Jackson had no other properly filed state post-conviction or other collateral review pending during or after that time period. Jackson did not submit his federal petition until December 28, 2009, which was almost seven months later.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert.*

*denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.  In this case, Jackson has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.[27]

Jackson's federal petition is deemed filed on December 28, 2009, which is almost seven months after the AEDPA filing period expired on June 4, 2009.  Jackson's federal petition was untimely filed and must be dismissed for that reason.

## VI.    Recommendation

It is therefore **RECOMMENDED** that Danny Jackson's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

---

[27]Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 130 S. Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[28]

New Orleans, Louisiana, this 17th day of March, 2011.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[28]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.